UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIS WILKES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cases Nos. 4:06CV1833MLM and |
| | ) | 4:06CV1834MLM[1] |
| WASHINGTON UNIVERSITY | ) | |
| SCHOOL OF MEDICINE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court are the Motions to Dismiss[2] filed by Defendant Washington University School of Medicine ("Defendant"). Plaintiff Alvis Wilkes, Jr., ("Plaintiff") has filed Responses.[3] Defendant has filed Replies. Also before the court are Motions to Amend the Complaint filed by Plaintiff. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). Doc. 13.

## I.
## BACKGROUND

On April 28, 2006, Plaintiff filed a Charge of Discrimination (a "Charge") with the Equal Employment Opportunities Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging that Defendant denied him promotions and terminated him because of his race. On May 3, 2006, Plaintiff filed a Charge with the EEOC and the MCHR alleging that Defendant

---

[1] These cases were consolidated by Order dated March 2, 2007.

[2] Defendant's Motions to Dismiss are partial motions to dismiss.

[3] In addition to filing a document titled Response, in each of his cases Plaintiff filed a document which he titled "Motion to Stay." In these documents, however, Plaintiff responds to the Motions to Dismiss and asks the court to not to dismiss his Complaints. Plaintiff does not actually request that the court stay the proceedings.

discharged him based on race, religion, and in retaliation for his disagreeing with a manager over whether Plaintiff was "liable" for failing to report certain information. On November 22, 2006, the EEOC issued a Notice of Dismissal and Right to Sue letter in regard to both Charges.

On December 28, 2006, Plaintiff filed the Complaint in Case No. 4:06CV1833 alleging that Defendant violated Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Equal Pay Act ("EPA") by denying him promotions and terminating his employment, by subjecting him to a hostile work environment, by discriminating against him with respect to other terms and conditions of employment, by retaliating against him, by failing to "provide access to formal management development training," and by "not providing 'all' the tools to be effective." In Case No. 4:06CV1833 Plaintiff alleged that the basis for Defendant's conduct was Plaintiff's race, religion and age and that Defendant retaliated against him for openly disagreeing with a department head regarding Plaintiff's being "'liable' for something that didn't occur." Case No. 4:06CV1833, Doc. 1. at 1-2, 4-5.

Also, on December 28, 2006, Plaintiff filed a Complaint in Case No. 4:06CV1834 alleging that Defendant violated Title VII, the ADEA, the Americans with Disabilities Act ("ADA"),[4] and the EPA by denying him promotions and terminating his employment, by denying him a reasonable accommodation for a disability, by subjecting him to a hostile work environment, and by discriminating against him with respect to other terms and conditions of employment. In Case No. 4:06CV1834 Plaintiff alleged that the conduct of which he was complaining involved his race, color,

---

[4] Plaintiff did not check the box on page one of the Complaint to indicate that he is alleging a violation of the ADA. On page four of the complaint, however, Plaintiff indicated that the conduct of which he complains includes Defendant's allegedly failing to accommodate his disability. As such, the court has assumed that Plaintiff intended to allege a violation of the ADA. See McNally v. Pulitzer Pub. Co., 532 F.2d 69, 73 n.3 (8th Cir. 1999) (holding that a liberal construction should be applied to a pro se complaint).

age, and his "supposed communication style, which was never explained to [him]." Case No. 4:06CV1834, Doc. 1 at 1-2, 4-5.

In its Motions to Dismiss Defendant contends that Plaintiff failed to exhaust his administrative remedies in regard to all of the claims which he makes in his Complaints under the ADEA and the ADA and that, therefore, those claims which he failed to exhaust should be dismissed. Defendant also contends that Plaintiff's claims under the EPA and for retaliation should be dismissed for failure to state a claim.

## II.
## LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its]claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). A civil rights complaint falls short of meeting "the liberal standard for notice pleading" when it is "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability." Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir.

1995). "At the very least" a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." Id. at 671.

## III.
## EXHAUSTION

**A.     Legal Framework:**

The ADA affords protection from discrimination to any "qualified individual with a disability." 42 U.S.C. § 12112(a). Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ... unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A). The ADEA proscribes employment related discrimination based on age against any individual between the ages of forty and seventy. 29 U.S.C. § 623(a)(1). Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, prohibits discrimination on the base of race and "makes it unlawful for an employer to discriminate against an employee, for among other things, 'because he has opposed any practice made an unlawful employment practice by this subchapter.'" Buettner v. Arch Coal Sales Co., 216 F.3d 707, 713 (8th Cir. 2000).

Before a plaintiff may file a complaint in federal court alleging violations of the ADA, the ADEA, or Title VII, he must first exhaust his administrative remedies. Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (ADEA), Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) (Title VII); Habib-Stevens v. Trans States Airlines, Inc., 229 F. Supp.2d 945, 946 (E.D. Mo. 2002) (ADA). Exhausting administrative remedies requires timely filing a charge with the EEOC and receiving a right to sue letter. Shannon, 72 F.3d at 684. After completion of this process the exhaustion requirement is met "for the allegations asserted in the administrative charge, as well as for allegations 'like or reasonably related' to those asserted in the administrative charge." Habib-

Stevens, 229 F. Supp.2d at 946 (citing Shannon, 72 F.3d at 684). See also Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980) (holding that a plaintiff can file suit in federal court under Title VII for claims "like or related to" the substance of the charge filed with the EEOC); Snyder v. Saberliner Corp., 101 F.Supp.2d 1239, 1248 (E.D. Mo. 1999) ("A plaintiff is deemed to have exhausted his administrative remedies only as to those allegations contained in a judicial complaint that are 'like or reasonably related' to the charges submitted to the EEOC.") (citing C. Wallin v. Minn. Dept. of Corr., 153 F.3d 681, 688 (8th Cir.1998)).

"Thus, the scope of the civil suit may be 'as broad as the scope of the [administrative] investigation which could reasonably be expected to grow out of the charge of discrimination.'" Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994) (quoting Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988) (internal quotations omitted). A plaintiff may not raise in federal court "[a]llegations outside the scope of the EEOC charge." Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000). See e.g., Boge v. Ringland-Johnson-Crowley Co., 976 F.2d 448, 451 (8th Cir.1992) (holding that discriminatory layoff is not like or reasonably related to a separate and much later alleged discriminatory termination); Anderson v. Block, 807 F.2d 145,148-49 (8th Cir. 1986) (holding that discriminatory suspension is not like or reasonably related to an administrative charge of discriminatory discharge). Cruesoe v. MERS/Missouri Goodwill Indus., 2006 WL 2917363, at *10 (E.D. Mo. Oct. 11, 2006) (holding that a plaintiff did not exhaust claims based on religious discrimination where his EEOC charge alleged only race discrimination); Rogers v. Maco Management Co. Inc., 2006 WL 288100, at *3 (E.D. Mo. Feb. 7, 2006) (holding that a plaintiff did not exhaust claims based on race discrimination where his EEOC charge alleged only sex discrimination); Johnson v. Unilever Home & Personal Care, USA, 2003 WL 21911075, at *3 (E.D.

Mo. July 30, 2003) (holding that a claim for age discrimination was barred because the EEOC charge alleged only race discrimination and retaliation).

The exhaustion rule is designed to put an employer on notice that a plaintiff is raising a claim, to allow informal resolution, and to give an employer notice of a claim. Snyder, 101 F. Supp.2d at 1248. A court "is prohibited from 'inventing, ex nihilo, a claim which simply was not made.'" Id. (quoting Shannon, 72 F.3d at 685). "Title VII envisions that the EEOC will have had the opportunity to obtain voluntary compliance before an issue becomes the subject of a civil suit." Combs v. C.A.R.E., Inc., 617 F.Supp. 1011, 1012 (D.C. Ark. 1985) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir.1970)). Upon determining whether a plaintiff has exhausted his administrative remedies by filing a charge with the EEOC a court should "broadly and liberally construe the terms [of the charge] in order to effect the remedial and humanitarian purposes of Title VII. Id. (citing EEOC v. Western Publishing Co., 502 F.2d 599 (8th Cir.1974)).

**B.     Discussion:**

Plaintiff's Charges allege that Defendant denied him promotions and discharged him based on his race, that Defendant discharged him based on his religion, and that Defendant discharged him in retaliation for a disagreement which Plaintiff had with a supervisor. The Complaint in Case No. 4:06CV1833 not only alleges that Plaintiff was discharged because of his race, religion, and retaliation for his disagreement with a supervisor but it also alleges that Plaintiff was denied promotions, discharged, harassed, and subjected to other forms of discrimination and harassment because of his age. The Complaint in Case No 4:06CV1834 not only alleges that Plaintiff was discharged and denied promotions based on race but also alleges that he was denied promotions, discharged, and subjected to other forms of discrimination and harassment based on his age. Liberally construing the charges which Plaintiff filed with the EEOC it cannot be said that they are like or reasonably related

6

to the allegations of discrimination and retaliation based on age or disability in the Complaints before this court. See Kells, 210 F.3d at 836; Boge, 976 F.2d at 451; Anderson, 807 F.2d at 148-49; Cruesoe, 2006 WL 2917363, at *10; Rogers, 2006 WL 288100, at *3. Further, liberally construing the charges which Plaintiff filed with the EEOC it cannot be said that they are like or reasonably related to the claims of harassment, hostile work environment, and being denied promotions, development training and/or other tools which claims Plaintiff makes in the Complaints before this court. See Kells, 210 F.3d at 836; Boge, 976 F.2d at 451; Anderson, 807 F.2d at 148-49; Cruesoe, 2006 WL 2917363, at *10; Rogers, 2006 WL 288100, at *3. As such, the court finds that Plaintiff has failed to exhaust his administrative remedies in regard to all claims made in the Complaints in Cases Nos. 4:06CV1833 and 1834 under the ADEA, the ADA, and Title VII based on age, disability, harassment, hostile work environment, and being denied promotions, development training and/or other tools. See Shannon, 72 F.3d at 684; Habib-Stevens, 229 F. Supp.2d at 946; Snyder, 101 F.Supp.2d at 1248.

## IV.
## EQUAL PAY ACT

The EPA, 28 U.S.C. § 206(d)(1), provides, in relevant part, as follows:

No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions ... .

"Under the EPA, an employer is proscribed from discriminating by paying wages to employees of one gender, on the basis of that gender, at a rate less than that paid to employees of the other gender who are performing equal work on jobs that require equal skill and responsibility." Thomeczek v. Brownlee, 320 F. Supp.2d 884, 887 (E.D. Mo. 2004) (citations omitted). The EPA "'is violated

7

when an employer presents an "unequal" paycheck to an employee for equal work.'" Id. To establish a prima facie case of discrimination under the EPA a plaintiff must show that: 1) his employer "paid different wages to employees of opposite sexes; 2) who did equal work on jobs which require equal skill, effort, and responsibility; and 3) which are performed under similar working conditions." Wiseman v. Whayne Supply Co., 359 F. Supp.2d 579, 588-89 (W.D. Ky. 2004) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974) (other citation omitted).

**B. Discussion:**

On page 2 of each of his Complaints Plaintiff simply states that his lawsuit is based on the EPA. Plaintiff does not otherwise mention or assert in either of his Complaints that he was discriminated based on his gender nor does he allege any facts to support such an allegation. See 29 U.S.C. §206(d)(1); Wiseman, 359 F. Supp.2d at 588; Thomeczek, 320 F. Supp.2d at 887. Further, Plaintiff does not allege in his Complaints that females were paid more for equal work. See 29 U.S.C. §206(d)(1); Wiseman, 359 F. Supp.2d at 588; Thomeczek, 320 F. Supp.2d at 887. Plaintiff's Complaints merely make conclusory allegations which give Defendant no idea of what acts it is accused which acts could result in liability under the EPA. See Frey, 44 F.3d at 672. As such, the court finds that Plaintiff has failed to state a claim under the EPA and that, therefore, his claims that his rights were violated under the EPA should be dismissed.

# V.
# RETALIATION

**A. Legal Framework:**

In addition to prohibiting discrimination based on age, the ADEA prohibits the discharge of an employee because the employee made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation" under the ADEA. 29 U.S.C. § 623(d). Similarly, Title VII prohibits "makes it unlawful for an employer to discriminate against an employee, participating

in proceedings under Title VII. 42 U.S.C. § 2000e-3. Title VII also prohibits retaliation against an employee "'because he has opposed any [employment] practice made an unlawful'" by Title VII. Buettner v. Arch Coal Sales Co., 216 F.3d 707, 713 (8th Cir. 2000). Thus, under Title VII it is unlawful for an employer to discriminate against an employee for engaging in activity protected under that statute. Green v. Franklin Nat. Bank of Minneapolis, 459 F.3d 903, 913-14 (8th Cir. 2006). "'To prove a retaliation claim, a plaintiff must show (1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events.'" Id. at 914 (quoting Gilooly v. Mo. Dep't of Health & Senior Servs., 421 F.3d 734, 739 (8th Cir.2005) (citing Rheineck v. Hutchinson Tech., Inc., 261 F.3d 751, 757 (8th Cir.2001)). Therefore, where an employee has not engaged in protected activity he cannot establish retaliation. Id.

**B.     Discussion:**

In Case No. 4:06CV1833 Plaintiff alleges violations of Title VII and the AEDA including an allegation that he was discharged in retaliation for disagreement with a department head over something which was an employee concern. In particular, Plaintiff states in his Complaint that on "April 21, 2006, there was an alleged altercation between two male employees" and that one of the employees "announce[d] that he was going to his car to retrieve a weapon." Plaintiff states that one witness stated to the angry employee, "if you are going to shot [sic] someone, shot [sic] Rodney Brown, the assistant manager" and that this incident was reported to the two supervisors of the two persons involved in the alleged altercation. Plaintiff's Complaint further states:

> On April 25, 2006, an employee under my supervision said that she has a concern about something that she overheard. She explained to me her concern from 6:00 a.m. to 6:10 a.m. I immediately radioed the manager over and over because he has constantly stated that he need [sic] to know about "anything" first hand to save him from being embar[r]assed. He didn't answer his radio calls, and he even got the other supervisors to deny that they heard me calling. At 6:30 a.m. April 25, 2006, I

9

sat between the director and manager. I turned to the manager to tell him about the concern, and he wouldn't let me tell him, neither would the director.

Case No. 4:06CV1833 at 5- 6.

To the extent that Plaintiff alleges that he was discharged in retaliation for the above quoted statements regarding what he heard about an employee with a gun, there is no authority that such conduct is protected under either Title VII or the AEDA. Therefore, assuming that all factual allegations made by Plaintiff are true for purposes of the motions now before the court, Plaintiff does not allege that he was discharged because he opposed a practice made unlawful under either Title VII or the ADEA. Further, Plaintiff does not allege that he was discharged because he made a charge, testified, assisted, or participated in any manner in an investigation under the ADEA or Title VII. Thus, Plaintiff has failed to allege that he was engaged in protected activity. The court finds, therefore, that Plaintiff has failed to state a claim for retaliation under either Title VII or the ADEA and that his Complaint in Case No. 4:06CV1833 should be dismissed in this regard. See Green, 459 F.3d at 913-14.

## VI.
## MOTION TO AMEND

Plaintiff asks for leave of the court to amend his Complaint in Case No. 4:06CV1833 to include an allegation under 42 U.S.C. § 1981. Plaintiff has not attached a proposed amended complaint to his Motion to Amend. The court will, therefore, deny Plaintiff's Motion to Amend, without prejudice. Plaintiff may refile a Motion to Amend in the event he attaches a proposed amended complaint.

Section 1981 prohibits discrimination on the basis of race in regard to a limited range of civil rights, including the right to make and enforce employment contracts. Bediako v. Stein Mart, Inc., 354 F.3d 835, 838 (8th Cir. 2004); Elmahdi v. Marriott Hotel Servs., Inc., 339 F.3d 645 (8th Cir.

10

2003). As such, to the extent Plaintiff seeks to amend the Complaint to allege violations of § 1981 of discrimination other than for reasons of race, the court will deny the request to amend. Further, the court will deny a request to amend to the extent Plaintiff seeks to amend the Complaint to cure his failure to exhaust his claims under the ADEA and the ADA as such an amendment will not cure the failure to exhaust.

## VII.
## CONCLUSION

For the reasons more fully set forth above, the court finds that Plaintiff's allegations made under the ADEA and the ADA in Cases Nos. 4:06CV1833 and 4:06CV1834 should be dismissed for failure to exhaust administrative remedies. The court further finds to the extent Plaintiff alleges that he was denied promotions, denied development training, not provided with all the tools necessary to be effective, that he was discriminated against in regard to terms and conditions of employment, and that he was subjected to a hostile work environment in Cases Nos. 4:06CV1833 and 4:06CV1834 that these claims should be dismissed for failure to exhaust administrative remedies. Also, the court finds in Cases Nos. 4:06CV1833 and 4:06CV1834 that Plaintiff's claims under the EPA should be dismissed for failure to state a cause of action. Additionally, the court finds that Plaintiff's claims for retaliation under Title VII and the AEDA in Case No. 4:06CV1833 should be dismissed for failure to state a cause of action. As noted above Case No. 4:06CV1833 and Case No. 4:06CV1834 have been consolidated. **All future filings are to be filed in Case No. 4:06CV1833 only.** The only claims remaining in the consolidated case **are those for discharge on the basis of religion in violation of Title VII and for discharge and the denial of promotion and/or the opportunity for promotion on the basis of race in violation of Title VII.**

Accordingly,

11

**IT IS HEREBY ORDERED** that the Motions to Dismiss portions of Plaintiff's Complaint are **GRANTED**; Case No. 4:06CV1833, Doc. 7, Case No. 4:06CV1834, Doc. 7.

**IT IS FURTHER ORDERED** that the Motion to Amend filed by Plaintiff is **DENIED,** without prejudice; Case No. 4:06CV1833, Doc. 18.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of April, 2007.